In the Matter of EDGAR BROMBERGER, as Commissioner of Investigation of the City of New York, Petitioner.
FRANK ERICKSON, Respondent.

Supreme Court, Special Term, New York County, June 29, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for petitioner.

*George Morton Levy* for respondent.

McGeehan, J. It is obvious that an investigation has been instituted by the present administration of the City of New York, through the Commissioner of Investigation, into the question whether book-makers enjoy an immunity from municipal taxation that is not enjoyed by men and women engaged in legitimate business in the city of New York. Of course, book-makers will exert every effort to thwart such an investigation, but the fact remains that book-making as a vocation has not been a boon to mankind and merits no special rights, powers, privileges or immunities. Many men and women have inherited a common weakness from their respective ancestors that prompts them to unwisely wager their worldly goods on the outcome of horse races. Eventually they realize the wisdom of the adage that " a man may beat a race but he cannot beat the races," but their enlightenment often comes too late and at a time after they have wrecked their homes and ruined their lives and often the lives of those near and dear to them. The witness concededly has been a book-maker for many years upon the results of horse races. He has obviously carried on an extensive and lucrative enterprise. What part of this enterprise has been conducted in the city of New York has not been established, but it is undisputed that he has not paid any gross business tax upon the returns from this enterprise because he maintains that his activities in New York City being illegitimate, the proceeds are not taxable by the City of New York. Certainly this result is repugnant to this court's conception of law, equity and justice, notwithstanding this court's disdain and displeasure in making the City of New York a participant in such proceeds derived from an acknowledged unlawful and illegal source. If through some freak of legislative enactment or judicial interpretation municipal tax exemption has been extended to book-makers, it is

most commendable that the Commissioner of Investigation undertake to expose this condition and do everything in his power to effect a change in this result. While the procedure pursued by the Commissioner of Investigation may be under attack, the fact remains that this court finds that the investigation instituted by the Commissioner of Investigation of the specific agencies of the executive branch of the city government named in his investigation confers upon him the power to question the witness along the lines indicated, provided the constitutional rights of the witness are not invaded.

The language used in the *Matter of Ellis* (176 Misc. 887, 892), in which the court stated: "Wherever the limit of the commissioner's power to investigate is to be placed, it is at least certain that it stops at the point where it touches some one's right not to be investigated" must be interpreted in the light of the attending circumstances. If a legitimate businessman can be lawfully questioned as a witness for the nonpayment of a municipal tax, in the course of an investigation by the commissioner of investigation of the comptroller's office, then certainly no court of equity should confer upon a bookmaker an immunity from answering the same questions when addressed him as a witness, if they do not violate his constitutional rights.

The objections interposed are overruled and the witness is ordered to answer accordingly.

Settle order on one day's notice.