In the Matter of EDGAR BROMBERGER, as Commissioner of Investigation of the City of New York, Petitioner. FRANK ERICKSON, Respondent.

Supreme Court, Special Term, New York County, November 13, 1945.

*Ignatius M. Wilkinson, Corporation Counsel* (*Morris Shapiro* of counsel), for petitioner.

*George Morton Levy* for respondent.

McGeehan, J.   Upon the foregoing papers this application is disposed of as follows:  Considering the contents of the petition submitted to this court by the Commissioner of Investigation it appears necessary, in view of the issues raised by the respondent, to supplement the allegations thereof with proof of facts as to the study and investigation actually undertaken by the Commissioner of Investigation.   The allegation in paragraph 6, that "A study and investigation of the affairs and business activities of Frank Erickson was in my opinion in the best interests of the City of New York", requires some explanation in order to show that not a private individual but some proper agency of the municipal government was in fact under study and investigation by the Commissioner of Investigation. An agency that is paid out of the city treasury and which is not legislative or judicial in its nature or State-wide in its scope may be considered a proper one for such study and investigation by the Commissioner of Investigation.   As Commissioner of Investigation he has no right or power to study and investigate a private individual as such even to establish the fact that said individual is a lawbreaker and a tax evader.   The investigation of individuals as lawbreakers and tax evaders has been entrusted to other officials and the Commissioner of Investigation has not been given the power to perform these functions.   Furthermore, the petition is vulnerable in that it contains no allegations of failure to discharge a legal duty, or of wrongdoing, inefficiency or negligence on the part of the City Treasurer's Office, the Comptroller's Office, the Police Department, or the Board of Higher Education.   Nor are there any allegations that these agencies exercised their respective judgments or discretions in a manner that was unreasonable, arbitrary or capricious. Some proof should be adduced for the record to show that "the study and investigation" undertaken by the Commissioner of Investigation had some legitimate and reasonable relation to the operation of the executive branch of the municipal government.   (*Matter of Ellis*, 176 Misc. 887.)   The Commissioner of Investigation is an appointee of the Mayor and is an administrative officer in the executive branch of the municipal government.   Matters that have no direct, legitimate and reasonable relation to the operation of the executive branch of the municipal government but involve the effect of legislative enactments or judicial decisions on private persons are not within the scope of his authority "to study and investigate".   While he may criticize almost without restriction, he may "study and investigate" only those matters that have a legitimate and reason-

able relation to the operation of the executive branch of the municipal government. The Commissioner of Investigation does not possess the inquisitorial power of a grand jury or a district attorney, or even of the Police Department. He cannot prosecute for crimes that the Police Department has neglected. He cannot proceed to collect taxes that the comptroller has not collected. He is in no sense of the word to be considered a super-comptroller or a super-police commissioner or a super-treasurer of the City of New York. He cannot overrule the judgment and discretion of the comptroller, the Police Commissioner or the treasurer simply because he disagrees with them nor can he perform their functions. The comptroller has specific rights and powers under section 93 of the New York City Charter (1938) and these rights and powers have not been extended to include the Commissioner of Investigation. Furthermore the right and power of the comptroller, as a duly elected official, to make decisions and to exercise his judgment and discretion in tax matters must be observed and respected by both the courts and the Commissioner of Investigation (see · *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104).

The Commissioner of Investigation must have as a motivating force and as a *fundamental* and *primary purpose* for his " studies and investigations " the intent to improve the functioning of the executive branch of the municipal government.

In considering the Commissioner of Investigation's disability to examine private persons as such it is well to note that almost every private person who resides in New York City finds himself or herself engaged in some business or activity over which an agency of the executive branch of the municipal government has jurisdiction. From the building of a skyscraper to the peddling of a lead pencil on the city's streets, a person's acts are regulated by agencies of the executive branch of the municipal government. Practically every resident has had some contact with the Police Department, the Fire Department, the Law Department, the Department of Finance, the Department of Education, the Department of Health, the Department of Welfare, the Department of Correction, the Department of Housing and Buildings, the Department of Sanitation, the Department of Licenses, the Department of Purchase, the Department of Markets, the Department of Parks, the Department of Hospitals, the Department of Public Works, the Department of Water Supply, Gas and Electricity or one of the other agencies of the executive branch of the municipal

government. Now if the mere labeling of a proceeding by the Commissioner of Investigation as one " to study and investigate " one or more of such agencies is in and of itself a sufficient basis for him to examine any and all private persons who have come within the jurisdiction of said agency without permitting such person to raise the issue of the impropriety of his alleged " study and investigation " then the immunity and protection afforded to private persons would be completely abrogated. The Commissioner of Investigation would thereby acquire the power to do indirectly that which he could not do directly, namely, examine indiscriminately all private persons who have dealt with or come within the jurisdiction of some agency of the executive branch of the municipal government. It is this result that is, legalistically speaking, more significant than the identity of the specific individual sought to be examined upon this application. While it may appear to this court to be highly desirable to have book-makers pay gross business taxes, this result can and should be attained without taking from the people fundamental rights and immunities.

If the petition in this proceeding contained specific allegations that could be sustained by proof to the effect that there exists a legal duty on the part of the comptroller's office or the treasurer's office to collect gross business taxes from persons engaged in book-making in the city of New York, and that the comptroller's office or the treasurer's office breached this duty in that they failed and neglected since 1933 to collect such taxes and that the petitioner as Commissioner of Investigation thereupon and in the exercise of his discretion undertook to study and investigate the comptroller's office or the treasurer's office for not discharging this legal duty of collecting gross business taxes from book-makers engaged in operating in New York City, and that in connection with such study and investigation the respondent's testimony was necessary and material, then a proper and sufficient basis and foundation would be established for the relief sought herein. But such plain and unambiguous allegations are completely absent from the petition submitted by the Commissioner of Investigation and it becomes necessary for the court to ascertain the actual facts and circumstances that underlie this application. If there has been a bona fide investigation into the comptroller's office or the City Treasurer's office for a breach of the duty to collect gross business taxes from book-makers operating in New York City then the respondent can be ordered to answer the questions propounded in accordance with the opinion of this court. If, on the other

hand, the alleged " study and investigation " was directed at the respondent as a private person, then such study and investigation was and is without legal authority and the relief sought herein cannot be granted. To confer upon the Commissioner of Investigation the power " to study and investigate " one private individual upon the obscure and uncertain basis set forth in the petition submitted to this court confers upon him the power " to study and investigate " all private individuals in the city of New York upon the same basis. This power has never been conferred upon the Commissioner of Investigation either through the language used in the charter or through judicial interpretation and decisions.

While book-makers are not entitled to any special rights, powers, privileges or immunities, the Commissioner of Investigation cannot use them as the means of enlarging his powers beyond those conferred by the charter. The rule promulgated in this proceeding may be invoked in the future even against legitimate businessmen should they ever be under investigation by the Commissioner of Investigation for reasons separate and apart from any bona fide investigation of an agency of the executive branch of the municipal government. The statement in this court's opinion (185 Misc. 228, 230), previously made in this proceeding, to the effect that " If a legitimate businessman can be lawfully questioned as a witness for the nonpayment of a municipal tax, in the course of an investigation by the commissioner of investigation of the comptroller's office then certainly no court of equity should confer upon a book-maker an immunity from answering the same questions when addressed to him as a witness, if they do not violate his constitutional rights " does not mean that the Commissioner of Investigation has obtained an immunity from judicial review of his acts where the issue of the nature and the propriety of his investigation has been raised. A book-maker, no matter how unpopular he may be, may raise the issue as well as a legitimate businessman and he is entitled to his day in court upon such issue.

While prima facie the Commissioner of Investigation enjoys the benefit of the presumption that he is doing and has done his official functions faithfully and legally, it must be borne in mind that the Comptroller's Office, the Police Department, the Board of Higher Education and the City Treasurer's Office are likewise entitled to the benefit of such presumption. In the absence of allegations of wrongdoing, negligence or inefficiency on the part of the Comptroller's Office or the City Treasurer's Office in failing to collect gross business taxes the court will

allow the petitioner to adduce oral testimony to supplement the petition in order to establish a sufficient basis for the investigation and to make the record of this proceeding less vulnerable upon appeal. The respondent will be afforded an opportunity to cross-examine and to adduce such proof as is available in order to prove his contentions. Inasmuch as the final order hereon will not be subject to collateral attack upon a subsequent application, it appears to be only simple justice to elicit all the facts upon this application. Where, as in this proceeding, there is a sharp dispute as to the facts, the Court of Appeals has indicated that a trial or a reference is preferable to an adjudication made solely and exclusively upon conflicting affidavits. (See *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292.)

Accordingly the application for a reargument and for reconsideration *de novo* is granted. Upon the reargument and reconsideration the motion is respectfully referred to Hon. Richard P. Lydon, Official Referee, to hear and report upon the application made herein and the original application, and more particularly upon the following issues: (1) Has the Commissioner of Investigation conducted a bona fide investigation of the City Treasurer's Office or of the Comptroller's Office for its failure to discharge a legal duty to collect gross business taxes from book-makers operating in the city of New York?

(2) Has the Commissioner of Investigation conducted a bona fide investigation of any agency of the executive branch of the municipal government with the primary purpose of improving the functioning of the executive branch of the municipal government, and has the Commissioner of Investigation sought to elicit competent, relevant and material evidence from the respondent as a witness in connection with any such investigation or investigations?

(3) Has the Commissioner of Investigation in fact used his power to conduct an investigation of the respondent as an individual?

This proceeding directly concerns the Comptroller's Office and the Treasurer's Office. While the Police Department and the Board of Higher Education are likewise concerned by virtue of the broad and general allegations of the petition, their interests appear to be less vitally involved. Hence, since it appears that none of these officials have been made parties to this proceeding and have not been officially apprised of this application, it seems to be only simple equity to direct that the petitioner serve at least ten days before the first hearing before

the Referee upon each of said agencies named in the petition a copy of said petition and a copy of this intermediate disposition so that they may have an opportunity to make such application as they may deem fit and suitable under the circumstances.

Pending the filing of the report by the Referee, the final disposition of the original application will be held in abeyance.