William B. Brennan, Jr., J.
Petitioner, the Commissioner of Accounts of Nassau County, seeks in this proceeding the *664 issuance of a warrant to the Sheriff of Nassau County commanding the said Sheriff to apprehend one John Martling, the Deputy Superintendent of Highways of the Town of Oyster Bay, and to bring him before the Commissioner in accordance with a subpoena.
It is urged in opposition to this proceeding that: (1) section 206 of the Nassau County Government Law is unconstitutional because there are insufficient standards and guides set forth; (2) section 2213 of the Nassau County Government Law is violative of the constitutional safeguards against self incrimination; and (3) petitioner is acting beyond the scope of his authority in investigating alleged criminal acts of public officers and employees, and that such authority is within the exclusive domain of the District Attorney.
These identical arguments were raised before Mr. Justice PiTTom in Matter of Gilmartin v. Lipson (34 Misc 2d 998) and in a well-considered opinion it was there specifically held that neither section violated the constitutional principles and that the Commissioner of Accounts was not acting beyond the scope of his authority. That case is thus dispositive of the foregoing arguments.
Respondent asserts, in addition, however, that petitioner as Commissioner of Accounts of Nassau County has no authority to investigate or issue subpoenas in a matter involving town government.
That point was not considered in the Gilmartin case (supra) and presents a proper question for determination here. The argument is advanced that since the Commissioner of Accounts is appointed by the County Executive, serves at his pleasure and is solely responsible to him, the Commissioner is thus a mere agent of the executive and can have no greater power than his principal; and, further, that since the County Executive has no power or jurisdiction over town government, the Commissioner is also without such power.
The difficulty with this argument is simply that it contradicts the clear unambiguous language of the controlling statute. The Commissioner of Accounts of Nassau County is a statutory officer, created by the State Legislature which enacted the Nassau County Charter (L. 1936, ch. 879). The State Legislature is presumed to have been fully aware of the public good which such a.n officer could accomplish as well as the evils which an abuse of power by such an officer could produce. With this knowledge, the Legislature, in section 206 of the charter (County Government Law) specifically defined the powers of the Commissioner in the following language: “ The commissioner of accounts shall *665 have power to examine the financial and other records of the comptroller and treasurer and to make such other examinations as he may deem to be for the best interest of the county, of the accounts, methods and activities of each department, institution, office or agency of the county and of the towns and special districts without exception, and to report to the county executive his findings thereon.” (Emphasis supplied.) This is by no means an unlimited grant of arbitrary power. The Commissioner is limited first to “ accounts, methods and activities of each department, institution, office or agency ”, and under such a limitation he would not be able, for example, to examine into the density of the population of China, the state of health of cattle in the Argentine (Matter of Ellis, 176 Misc. 887), or the desirability of running a national lottery. The limitation is simply that his investigations must bear a reasonable relationship to the operation of the executive branch of municipal government. (Matter of Bromberger [Erickson], 186 Misc. 51; Matter of Ellis, supra.)
The statute, however, specifically states that the power extends not only to the departments and agencies of the county, but also to the departments and agencies of the towns and the special districts without exception. As the section under consideration appears in the “ Executive ” article of the charter, it must be read as a grant of executive power. The Legislature has thus stated that the methods, accounts and activities of the departments and agencies of the town governments are all matters of proper concern for the executive branch of the Nassau County government.
There is no doubt that such a grant of power is offensive to those whose political and governmental philosophy favors absolute autonomy for each and every one of the municipal units which make up the complex of government in Nassau County. The subject is perhaps appropriate for civic debate, but has no place in a judicial opinion. We cannot speculate as to the motives of those who drafted the county charter back before 1936, but can state categorically that they did in fact clothe the Commissioner of Accounts with broad authority to investigate accounts and activities of town and special district governments within the county.
It is clear, therefore, that the petitioner was acting within the scope of his jurisdiction in issuing the subpoena directed to respondent.
Respondent further claims that petitioner is not entitled to the relief requested, even if the subpoena were proper. Section 2213 of the County Government Law provides that disobedience to a subpoena issued by the Commissioner of Accounts is a mis *666 demeanor, and it provides the punishment for such a misdemeanor. Section 406 (subd. 2) of the Civil Practice Act (now CPLR, § 2308, subd. [b]) provides that if a person fails to respond to a subpoena, a Judge of a court of record must issue a warrant to the Sheriff commanding him to bring the defaulting person before the officer before whom the subpoena was returnable.
Respondent argues that since section 2213 of the County Grovernment Law applies specifically to subpoenas issued by the petitioner, the general provisions of section 406 (subd. 2) do not apply to the instant case.
The history and intent of section 406 were given careful consideration in People ex rel. Valenti v. McCloskey (8 A D 2d 74, affd. 6 N Y 2d 390, app. dsmd. 361 U. S. 534). In People ex rel. Valenti v. McCloskey (supra, pp. 81-82) the court stated:
“ It has always been a counterpart to the other provisions of law which provide direct compulsion for the giving of evidence in courts of record (Judiciary Law, § 750 et seq.).
“ Unlike the statutes governing judicial contempt, which restrict the sanctions to limited periods of confinement and fines, this statute permits the indefinite detention of recalcitrant witnesses until they have complied with the order of the court. Also, unlike the sanctions for summary judicial contempt, which are enforced by the very courts whose mandates have been violated or resisted, the sanctions under section 406 must be obtained from the courts by the agency which seeks to use compulsion.
“ Section 406, therefore, is not an alternative to proceedings in judicial contempt but a counterpart proceeding available to agencies which themselves are not empowered to impose direct sanctions to compel the giving of evidence. (See 6 Carmody-Wait, New York Practice, p. 372 et seq.-, Yol. 21, p. 157 et seq.) Nor does the section provide an alternative to prosecution for the crime of contempt, which is also limited to contempt in judicial proceedings ”.
Respondent’s contention as to the mutual exclusiveness of these two statutes cannot stand in the light of the Valenti case (supra) and it must be held that the relief requested by petitioner is proper.
A warrant will issue to the Sheriff of Nassau County commanding bim to apprehend John Martling and bring him before the Commissioner of Accounts of Nassau County pursuant to the subpoena heretofore served on said respondent.