Edward Robinson, Jr., J.
By separate orders to show cause, Jesse P. Combs, the Sheriff of Nassau County, moves to quash two subpoenas served on him by Milton Lipson in his capacity as Nassau County Commissioner of Accounts on the ground the Commissioner lacks jurisdiction to investigate the administration of the affairs of the office of the Sheriff.
Each subpoena commands the Sheriff to appear as a witness at a hearing held in connection with an investigation being conducted by the respondent into the accounts, methods and activities of the management of officers and institutions under the jurisdiction and control of the Sheriff. Each subpoena also directs the witness to produce enumerated records related to personnel employed respectively in the county jail and in the Sheriff’s department ivho are paid from county funds under different budget code designations.
The investigation commenced after the Sheriff requested the Nassau County Executive to furnish him with additional employees, and one of the alleged purposes of the investigation is to determine whether there is a bona fide need for such personnel. The subject matter of the inquiry disclosed on the face of the subpoenas, however, is not so limited and encompasses all supervisory functions performed by the Sheriff.
Section 206 of the Nassau County Government Law (L. 1936, eh. 879) contains the source of the powers bestowed on the Commissioner of Accounts of the county, and authorizes him ' ‘ to examine the financial and other records of the comptroller and treasurer and to make such other examinations as he may deem to be for the best interest of the county, of the accounts, methods and activities of each department, institution, office or agency of the county and of the towns and special districts *469 without exception ”. Section 2213 of the same law authorizes the issuance of subpoenas by the Commissioner.
The power to subpoena must be broadly construed to permit the Commissioner to discharge the duties of his office. The power to subpoena is coextensive with the power conferred on the respondent by law by virtue of his office. This principle was accorded full recognition in Matter of Lipson v. Martling (40 Misc 2d 663, affd. 20 A D 2d 714) where the court sustained the authority of the respondent to subpoena an official of the Town of Oyster Bay even though the County Executive by whom he is appointed lacked jurisdiction over the governmental affairs of the town. The Martling case rests squarely on the proposition that the nature and extent of the powers exercisable by the Commissioner of Accounts is purely statutory. Since section 206 of the County Government Law directly and expressly empowered the Commissioner to examine the fiscal accounts of the towns within Nassau County, the court in the Martling case found that a denial of the right to subpoena town officials would, constitute an unwarranted limitation of a power specifically granted. However, in the absence of language directly bestowing on the respondent a similar right to examine the accounts of the Sheriff, the existence of that power must be implied, and the rule is that a power not expressly conferred will not be implied unless essential to the fulfillment of the objectives of the statute (cf. Matter of Combs v. Nickerson, 38 Misc 2d 242, 246).
In the opinion of the court there is no basis for considering the office of the Sheriff as a department, institution, office or agency of the county as that phraseology is employed in section 206 of the County Government Law. The Sheriff indisputably is a local county officer in the restricted sense that he is elected solely by voters of the county, is paid from county funds and exercises jurisdiction only within the boundaries of the county. The Sheriff, on the other hand, is an elected officer named in the Constitution (N. Y. Const., art. XIII, § 13) who historically is considered a State officer (Hanley v. City of New York, 250 App. Div. 552, affd. 275 N. Y. 482; N. Y. Const., art. XIII, § 7), and who functions as an officer of the court and conservator of the peace (County Law, § 650). Traditionally, the status of the Sheriff was that of an independent public officer (Enstrom v. City of New York, 258 App. Div. 672), and he so remains today. He appoints his own deputies and employees (County Law, § 652), and is directly responsible for the misconduct of his subordinates (Commisso v. Meeker, 8 N Y 2d 109; Enstrom v. City of New York, supra, p. 675) *470 except in the execution of criminal matters where his deputies are considered in the service of the public and not the Sheriff personally (cf. Isereau v. Stone, 3 A D 2d 243, 245-246). The county, in turn, by constitutional mandate, is exempt from liability for acts of the Sheriff (N. Y. Const., art. XIII, § 13; Commisso v. Meeker, supra).
The Sheriff, furthermore, can only be removed by the Governor (N. Y. Const, art. XIII, § 13), and his office is not subject to the jurisdiction and control of the chief executive officer of the county (Matter of Combs v. Nickerson, 38 Misc 2d 242, supra). The county jail, which he controls, is by statute (Correction Law, § 46) subject to supervision by the State Commissioner of Correction, and his accounts audited by the State Comptroller. There is no intimation in the language employed in section 206 that the Commissioner of Accounts is to exercise concurrent jurisdiction with these State officials, and the express grant of power to one person excludes by implication the grant of the same powers to another (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 240, p. 307 et seq.).
The court accordingly concludes that the powers asserted by the respondent have not been specifically conferred on him, and cannot be implied on the theory that they are reasonably necessary to the discharge of the legitimate functions of his office.
The motions to quash the subpoenas are granted.