

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 27, 1995

Honorable Tim Curry
Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-338

Re: Whether an expanded county civil service system established under Local Government Code section 158.007 covers sheriff's and constable's deputies when the sheriff's department has not established a separate civil service system under chapter 158, subchapter B, and whether a county civil service system has authority to adopt subpoena power (RQ-342)

Dear Mr. Curry:

You have asked us whether a county civil service system resulting from an expansion election under chapter 158, subchapter A, of the Local Government Code, in a county whose sheriff's department has not established a separate civil service system under chapter 158, subchapter B, includes within its coverage deputy sheriffs and deputy constables. You asked this question in regard to Tarrant County, which in November, 1988, held such an election and approved an expanded civil service system pursuant to section 158.007 of the Local Government Code. A subsequent letter from your office informed us that since the time of your request for an opinion, the sheriff's department of Tarrant County had established a separate civil service system under subchapter B; but you have not asked how this change might affect the coverage of the expanded county civil service system. Therefore, we will answer your request under the original set of facts; that is, we will consider whether an expanded county civil service system established under section 158.007 covers sheriff's and constable's deputies when the sheriff's department has not established a separate civil service system under subchapter B.

Section 158.002 of the Local Government Code authorizes the creation of a county civil service system and sets forth the extent of its basic coverage in the following terms:

> A county with a population of 200,000 or more may, in accordance with this subchapter; create a county civil service system to include all the employees of the county who are not exempted

> from the system by the express terms or judicial interpretations of this subchapter or by the operation of Subchapter B.

Section 158.007 allows an election to create an expanded county civil service system and sets forth the extent of its expanded coverage. That section provides, in pertinent part:

> (a) In a county that has a population of more than 800,000 and a civil service system created under this subchapter, the qualified voters of the county, voting at an election called for that purpose, may determine whether the system will be dissolved or expanded to cover the employees, except licensed attorneys, of the office of district or criminal district attorney, the adult and juvenile probation officers and their assistants, personnel in the county auditor's office including all assistant county auditors, *and all other employees of the county not included in the coverage of the system and not specifically exempted by Section 158.013 or Subchapter B.* [Emphasis added.]

Section 158.007(a) thus indicates that a successful expansion election extends civil service coverage to several categories of persons:

> 1. "the employees, except licensed attorneys, of the office of district or criminal district attorney";
>
> 2. "the adult and juvenile probation officers and their assistants";
>
> 3. "personnel in the county auditor's office, including all assistant county auditors";
>
> 4. "all other employees of the county not included in the coverage of the system and not specifically exempted by Section 158.013 or Subchapter B."

Sheriff's and constable's deputies do not fall within any of the first three categories, but they may be "other employees of the county." Local Gov't Code § 158.007(a). Deputy sheriffs and deputy constables therefore are covered by the expanded civil service system if they are "employees" of the county and are not included in either of the two following groups of persons: (1) those who are specifically excluded from coverage by subchapter B, which allows the creation of a sheriff's department civil service system, *see id.* § 158.032, and (2) those who are specifically excluded from coverage by section 158.013. *See id.* § 158.007(a). For the reasons set forth below, we conclude that sheriff's and constable's deputies in a county that has created an expanded subchapter A civil service system but whose sheriff's department has not created a separate civil service system

under subchapter B are covered by the expanded civil service system because they are "employees" for purposes of sections 158.001 and 158.007 and are not excepted by subchapter B or section 158.013.

Section 158.001 of the Local Government Code provides, in pertinent part, as follows:

> In this subchapter:
>
> . . . .
>
> (2) "Employee" means a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009; *or a person included in the coverage of a county civil service system as the result of an election held under Section 158.007.* The term does not include a person who holds an office the term of which is limited by the constitution of this state.

Local Gov't Code § 158.001(2) (emphasis added). We will assume that the hypothetical county civil service commission about which you inquire has not adopted a rule including deputy sheriffs and deputy constables within section 158.001's definition of *employee.*

One part of the definition of *employee* in section 158.001(2) includes "a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right." This language survives virtually unchanged from the original enactment, in 1971, of the statutory predecessor to subchapter A, V.T.C.S. article 2372h-6. *See* Act of May 14, 1971, 62d Leg., R.S., ch. 262, § 1(3), 1971 Tex. Gen. Laws 1151, 1154 ("'Employee' means any person who obtains his position by appointment and who is not authorized by statute to perform governmental functions in his own right involving some exercise of discretion") (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1308). This office held in Attorney General Opinion H-985 that deputy sheriffs were not "employees" under this language in former article 2372h-6, section 1(3), because deputy sheriffs *are* authorized by statute to perform governmental functions in their own right. *See* Attorney General Opinion H-985 (1977) at 2-3; *cf. Arrington v. County of Dallas,* 792 S.W.2d 468, 470 (Tex. App.--Dallas 1990, writ denied) (deputy constable is not "employee" under section 158.001 in county that has adopted basic civil service system because deputy performs governmental functions in own right and by use of discretion).

At the time of Attorney General Opinion H-985, however, former article 2372h-6 did not contain anything like the alternative definition of *employee* currently found in section 158.001: "or a person included in the coverage of a county civil service system as the result of an election held under Section 158.007." In 1985 the legislature added substantially this language. *See* Act of May 26, 1985, 69th Leg., R.S., ch. 713, § 1(3), 1985 Tex. Gen. Laws 2510, 2510 (*"or any person added to coverage of the county civil service system by an election held under Section 5A of this Act"*) (italics in original) (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1306). The same legislature also added a related new provision--then article 2372h-6, section 5A, and now Local Government Code section 158.007--permitting an election to expand civil service coverage to include generally, among others, "all other employees of the county" who are not included in the coverage of the existing county civil service system. *See* Local Gov't Code § 158.007(a) ("all other employees of the county not included in the coverage of the system"); Act of May 26, 1985, 69th Leg., R.S., ch. 713, § 4, 1985 Tex. Gen. Laws 2510, 2510 (*"all other employees of the county not included in the system"*) (italics in original) (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1306). Unfortunately, this phrase in section 158.007 uses the word *employees* in reference to persons whom the legislature manifestly intended to *add* to the civil service system when the existing system already includes generally "all the employees of the county," Local Gov't Code § 158.002.

It is a presumption of statutory construction that, in the absence of a clear indication of legislative intent to the contrary, a word that is used in different parts of the same statute has the same meaning throughout the statute and that a clear meaning of the word in one part of the statute is attached to it elsewhere. *E.g., Walker v. Koger*, 99 S.W.2d 1034, 1037 (Tex. Civ. App.--Eastland 1936, writ dism'd). This presumption does not apply to the word *employees* as used in sections 158.002 (coverage of basic system) and 158.007 (coverage of expanded system), however, because these sections were originally enacted as parts of different statutes. The statutory predecessors to sections 158.007 and 158.010, V.T.C.S. art. 2372h-6, §§ 5A, 8A (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1985 Tex. Gen. Laws 707, 1808), were enacted in 1985. *See* Act of May 26, 1985, 69th Leg., R.S., ch. 713, § 4, 1985 Tex. Gen. Laws, 2510, 2510. The original statute from which the rest of subchapter A is derived, V.T.C.S. article 2372h-6 (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1306), was enacted in 1971. Act of May 14, 1971, 62d Leg., R.S., ch. 262, 1971 Tex. Gen. Laws, 1151.[1]

---

[1]The fact that both statutes were codified later, in the same statute, as parts of subchapter A of chapter 158 of the Local Government Code, *see* Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 943, 944-45, does not change the constructional significance of their history as separate

Even though sections 158.002 and 158.007 were not enacted as parts of the same statute, there is another rule of construction that may require that the word *employee* be given the same meaning in both sections.

> Where the same or a similar term is used *in the same connection* in different statutes, it will be given the same meaning in one that it has in another, *unless there is something to indicate that a different meaning was intended.* This rule applies with particular force where the meaning of a word as used in one act is clear or has been judicially determined, and the same word is subsequently used in another act pertaining to the same subject.

*L & M-Surco Mfg. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.--Tyler 1979, writ dism'd) (emphasis added). We believe the above-quoted general rule does not require the attachment of the same meaning to the word *employees* as used in sections 158.001 and 158.007, for (1) the word is not used in the same connection in the two sections and (2) the legislative history of section 158.007 indicates that a different meaning of the word was intended.

The manifest legislative purpose of section 158.007 was to allow the most populous counties that already have civil service systems to expand coverage to additional persons. This purpose is evident both from the addition of former section 5A (now section 158.007) to the county civil service law, *see* Act of May 26, 1985, 69th Leg., R.S., ch. 713, § 4, 1985 Tex. Gen. Laws 2510, 2510 and from the contemporaneous amendment of the definition of *employee* in former section 1 (now section 158.001) to include persons "*added to coverage of the county civil service system by an election held under Section 5A* [(now section 158.007)]," *id.* § 1, 1985 Tex. Gen. Laws at 2510 (italics in original). Therefore, the word *employees* is not used in the same connection because section 158.007 was not intended to apply to the same persons but rather to new persons who before the enactment of that section's statutory predecessor were not covered by the county civil service system. If *employees* meant the same thing in both provisions, then section 158.007 would be ineffectual because it would "expand" the system to include persons who already were in the system.

Furthermore, the legislative history of the predecessor to section 158.007, V.T.C.S. art. 2372h-6, § 5A (repealed by Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1306), supports a broad reading of the word *employees* as used in that section. The author of the bill that was enacted as section 5A,

---

(footnote continued)
statutes, for the legislature did not intend that the codification work a substantive change in the law. *Id.* § 51, 1987 Tex. Gen. Laws at 1308.

House Bill 1240, *see* Act of May 26, 1985, 69th Leg., R.S., ch. 713, § 4, 1985 Tex. Gen. Laws 2510, 2510, explained in the house committee public hearing on House Bill 1240 that the bill would allow a county election to determine whether to expand civil service coverage to include "everybody in the county with the exception of the auditors' office, the constitutional officers that are elected, . . . and court reporters and a few others." Hearings on H.B. 1240 Before the House Comm. on County Affairs, 69th Leg. (Apr. 23, 1985) (statement of Representative Willis) (tape recording available from House Video/Audio Services Office). The problem with the existing county civil service law, the author reported, was that under it one half of a county's "employees" would be in the system and the other half would be out of it. *Id.* We believe that in construing section 158.007, a court would follow the injunction, found in section 312.005 of the Government Code, to attempt diligently to "ascertain legislative intent and . . . consider at all times the old law, the evil, and the remedy," and would attach a broad meaning to the word *employees* as used in section 158.007.

Our consideration of the definition of *employee* in section 158.001 so far has not excluded deputy sheriffs and deputy constables from the statutory meaning of the word. Now we will consider the last sentence of the statutory definition: "The term [*employee*] does not include a person who holds an office the term of which is limited by the constitution of this state." Local Gov't Code § 158.001(2). A sheriff's deputies have no definite "term" of office but have only a "tenure" that under statute lasts as long as the sheriff pleases. *Murray v. Harris*, 112 S.W.2d 1091, 1093 (Tex. Civ. App.--Amarillo 1938, writ dism'd); *see* Local Gov't Code § 85.003; *see also* BLACK'S LAW DICTIONARY 1471 (6th ed. 1990) (defining *term of office* as "[t]he period during which elected officer or appointee is entitled to hold office, perform its functions, and enjoy its privileges and emoluments"). Deputy constables, likewise, are at-will employees. *Renken v. Harris County*, 808 S.W.2d 222, 225 (Tex. App.--Houston [14th Dist.] 1991, no writ). Because deputy sheriffs and deputy constables have no "term" of office, they are not excluded from the definition of *employee* in section 158.001 as officers whose terms are limited by the constitution.

As we noted above, the final potential exclusions from the definition of *employee* in section 158.001 are the two following groups of persons: (1) those who are specifically excluded from coverage by subchapter B of chapter 158, which covers a sheriff's department civil service system, Local Gov't Code § 158.032, and (2) those who are specifically excluded from coverage by section 158.013. We now consider whether sheriff's or constable's deputies fall within either or both of those categories.

Subchapter B permits a sheriff's department in a county of more than 500,000 residents to create a civil service system, *id.* § 158.032, that covers "employees," *id.*

§ 158.035, who are defined as employees of the sheriff's department, including deputy sheriffs, *id.* § 158.031(3). Section 158.040 provides that a sheriff's department civil service system "created under . . . subchapter [B] and in effect" applies to the exclusion of any other civil service system in the county. This provision would exclude from the operation of a subchapter A expanded civil service system any employees in the sheriff's department who would have been covered by that system if there were no subchapter B system in effect. The only other provision of subchapter B that concerns the exemption of persons from civil service coverage is section 158.038, which permits the sheriff of a county that has adopted a subchapter B civil service system to exempt certain sheriff's department positions from the system.[2] The sheriff's department of the subject hypothetical county has not established a subchapter B system. Therefore, none of the provisions of subchapter B come into play here as exceptions to the coverage of the county's expanded civil service system.

Section 158.013 provides, in pertinent part:

(b) This subchapter [(subchapter A)] does not apply to:

(1) assistant district attorneys, investigators, or other employees of a district or criminal district attorney, except as provided by Section 158.007;

(2) the official shorthand reporter of a court; or

(3) *an elected or appointed officer under the constitution.*

*Id.* § 158.013(b) (emphasis added).[3] The only possible place to fit a deputy constable or deputy sheriff within this section would be under the above-emphasized subsection (b)(3) exception for "an elected or appointed officer under the constitution."

---

[2]In a subchapter B system "[t]he sheriff may designate as exempt . . . the position of chief deputy . . . [and] one or more positions in the office of departmental legal counsel." Local Gov't Code § 158.038(b). In addition, in a county of a population of no more than 2,000,000, the sheriff may exempt "four positions of major deputy . . . [and] additional positions in the department; provided, however, that the sheriff may not designate as exempt a total of more than 10 positions," *id.*, whereas, in a county of a population of more than 2,000,000, the sheriff may exempt "additional positions in the department, not to exceed 25 in number, that have been determined by the civil service commission to be administrative or supervisory positions; provided, however, that the sheriff may not designate as exempt any position in the deputy classifications of captain or below." *Id.* § 158.038(c).

[3]*Cf.* Hearings on H.B. 1240 Before the House Comm. on County Affairs, 69th Leg. (Apr. 23, 1985) (statement of Representative Willis) (tape recording available from House Video/Audio Services Office) (bill enacted as statutory predecessor to section 158.013 would allow county election to determine whether to expand civil service coverage to include "everybody in the county with the exception

Sheriffs and constables do hold offices established in the constitution. *See* Tex. Const. art. V, §§ 18(a) ("In each [precinct] there shall be elected . . . one Constable"), 23 ("There shall be elected by the qualified voters of each county a Sheriff"). Deputy sheriffs and deputy constables, however, do not.[4] *But cf. id.* art. III, § 52e (recognizing, among others, deputy sheriffs and deputy constables as law enforcement officials for whom county is authorized to pay medical expenses and salary if officials are injured in course of duty). Because neither deputy constables nor deputy sheriffs are constitutional officers, the exceptions under section 158.013(b)(3) of the Local Government Code do not apply to these persons.

In sum, we conclude that sheriff's and constable's deputies are covered by an expanded civil service system created pursuant to section 158.007 of the Local Government Code in a county that has not created a subchapter B (sheriff's department) civil service system.

You also ask whether a county civil service commission may "adopt" section 143.009 of the Local Government Code or other laws that contain a subpoena power. Section 158.009 of the Local Government Code authorizes a county civil service commission to "adopt or use as a guide any civil service law or rule of . . . this state, . . . to the extent that the law . . . promotes the purposes of this subchapter and serves the needs of the county." Local Gov't Code § 158.009(b). Section 143.009[5] empowers a municipal civil service commission to "issue subpoenas." *Id.* § 143.009(b)(2).

---

(footnote continued)

of the auditor's office, the constitutional officers that are elected, . . . and court reporters and a few others").

[4]The position of deputy sheriff developed in the common law. 70 AM. JUR. 2d *Sheriffs, Police, and Constables* § 6 (1987); *see Rich v. Graybar Elec. Co.*, 84 S.W.2d 708, 709 (Tex. 1935) (statute providing that sheriff is liable for acts of deputy "is but declaratory of the common law"). The position is regulated by statute. *See* Local Gov't Code § 85.003. Constables at common law had no well-established power to appoint permanent deputies for the general discharge of the duties of office. *See* 80 C.J.S. *Sheriffs and Constables* § 22 (1953). Their power to appoint general deputies is established by statute. *See* Local Gov't Code § 86.011. The procedures for appointing both sheriff's and constable's deputies are regulated by statute. *See* Local Gov't Code §§ 151.001 (requiring district, county, and precinct officers to apply to commissioners court for authority to appoint deputies, assistants, and clerks), 85.003(a) (appointment of deputy sheriff must be in writing), 86.011 (elected constable must apply to commissioners court in writing and show necessity for deputy to handle business of constable's office).

[5]Section 143.009, Local Government Code, which is applicable to municipal civil service systems, provides, in part:

(b) During an investigation, the commission or the commission member may:

Section 158.009 does not expressly grant a county civil service commission the power to subpoena witnesses, but it could be read as a broad grant to the commission of authority to assume any and all powers that may be administratively convenient, so long as the powers are contained in existing "civil service law[s] or rule[s]." Section 143.009 is unmistakably a "civil service law of this state" in the sense of *law* as a statute. Furthermore, the issuance of subpoenas to compel the attendance of witnesses could easily be said to promote the purposes of subchapter A, particularly in view of the commission's authority under subsection (a) of section 158.009 to make and enforce rules involving, among other things, disciplinary actions and grievances.

On the other hand, the substance of section 143.009(b) is not a "law" in the sense of a rule of action or conduct. *See* BLACK'S LAW DICTIONARY 884 (6th ed. 1990). Rather, it is a list of delegated powers, including the subpoena power. In section 158.009 the word *law* is used in the alternative with the word *rule*, which can mean a "[p]rescribed guide for conduct or action, regulation or principle." *Id.* at 1331. Looking further at the context, we see that section 158.009 allows the adoption of a law or rule "as a guide," not as a power. Finally, note that the rest of section 158.009, that is, subsections (a)[6] and (c),[7]

---

(footnote continued)

    (1) administer oaths;

    (2) issue subpoenas to compel the attendance of witnesses and the production of books, papers, documents, and accounts relating to the investigation; and

    (3) cause the deposition of witnesses residing inside or outside the state.

. . . .

    (e) A person who fails to respond to a subpoena issued under this section commits an offense punishable [by fine of not less than $10 or more than $100, confinement in the county jail for not more than 30 days, or both fine and confinement].

[6]Subsection (a) provides as follows:

    Except as provided by Section 158.010, the commission shall adopt, publish, and enforce rules regarding:

    (1) the definition of a county employee;

    (2) selection and classification of county employees;

    (3) competitive examinations;

    (4) promotions, seniority, and tenure;

    (5) layoffs and dismissals;

deal only with the commission's rule-making function. The language of section 158.009 thus tends to suggest a narrower legislative intent to authorize the commission to adopt or use laws or rules that serve as guides only for its own rule-making process.

Compulsory process is not a power that administrative agencies may assume merely for convenience and without express statutory authorization. The power to compel testimony inherently and primarily belongs to the judiciary. 8 JOHN H. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2195 (John T. McNaughton rev. 1961). "Agencies have no inherent subpoena power." LEE MODJESKA, ADMINISTRATIVE LAW: PRACTICE AND PROCEDURE 26 (1982). Generally, administrative subpoena power exists only by express statutory conferral, 73 C.J.S. *Public Administrative Law and Procedure* § 82 (1983), in the absence of which it will not be implied unless essential to meet statutory objectives, *Vance v. Ananich*, 378 N.W.2d 616, 617 (Mich. App. 1985); *Combs v. Lipson*, 254 N.Y.S.2d 143, 145 (N.Y. Sup. Ct. 1964). "An administrative agency . . . has only such powers as are expressly granted to it by statute together with those necessarily implied from the authority conferred or duties imposed." *Stauffer v. City of San Antonio*, 344 S.W.2d 158, 160 (Tex. 1961).

> The law is well settled that the power of subpoena which formerly was exclusively a judicial power, may now be granted to nonjudicial bodies, commissions, agencies or officials *by statute, but the power and the extent of the power is to be determined in each case by the express statutory grant.*

---

(footnote continued)

(6) disciplinary actions;

(7) grievance procedures; and

(8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement, benefits, and working conditions of county employees.

Local Gov't Code § 158.009(a).

[7]Subsection (c) provides as follows:

The commission may not adopt or enforce a rule requiring a county employee to retire because of age. The commission may adopt a rule requiring a county employee, on reaching an age set by the commission, to submit annually to the commission an affidavit from a physician stating that the employee is physically and mentally capable of continuing employment.

Local Gov't Code § 158.009(c).

*Pennsylvania ex rel. Margiotti v. Orsini*, 81 A.2d 891, 893 (Pa. 1951). An agency may not enlarge its powers by its own order. *See Railroad Comm'n v. Fort Worth & D.C. Ry.*, 161 S.W.2d 560, 561 (Tex. Civ. App.--Austin 1942, writ ref'd w.o.m.). Only such persons as are authorized by statute may issue subpoenas. 97 C.J.S. *Witnesses* § 22 (1957).

Based on the language of section 158.009 and the foregoing authorities, we conclude that the section does not authorize a county civil service commission to endow itself with subpoena power by its own rule. You do not ask and we do not consider here whether a county civil service commission has subpoena power by necessary implication to effectuate other statutory powers or duties.

## S U M M A R Y

In a county whose sheriff's department has not established a separate civil service system under subchapter B of chapter 158 of the Local Government Code, a county civil service system resulting from an expansion election under section 158.007 of the Local Government Code does include deputy sheriffs and deputy constables.

Section 158.009 of the Local Government Code does not authorize a county civil service commission to endow itself with subpoena power by its own rule.

Very truly yours,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General