**Bernard S. RENKEN, Appellant,**

v.

**HARRIS COUNTY, Texas & Constable Dick Moore, Appellees.**

**No. B14–90–0695–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

Marvin B. Peterson, Mary Ann Starks, Houston, for appellant.

Barbara Baruch, Eleanor Robinson, Houston, for appellees.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from an order of the district court denying appellant's motion for summary judgment and granting appellees' motion for summary judgment. Appellant now brings this appeal. We affirm.

Appellant filed suit seeking reinstatement as a Deputy Constable, asserting wrongful discharge under the Whistleblower statute and regulatory estoppel, breach of contract, and deprivation of due process relating to the employee grievance procedure covered by Article 2372h–12. (Repealed by Acts 1989, 71st Leg., ch. 1 § 39(b), eff. Aug. 28, 1989. See, now, TEX. LOCAL GOV'T CODE ANN. § 160.001 et seq.) Appellant and appellees filed cross-motions for partial summary judgment regarding the causes of action for breach of contract and deprivation of due process relating to the grievance procedure. Appellant's motion for partial summary judgment with regard to the breach of contract and due process violation was denied, without explanation. Appellees' motions for partial summary judgment were granted, also without

explanation. On appellant's motion, the trial court then dismissed appellant's claim under the Whistleblower Act, TEX.CIV.STAT. ANN. art. 6252–16a. The trial court further denied all other relief, entering a judgment in appellees' favor. It is from that judgment that appellant now appeals.

Appellant assigns four points of error on appeal. In his first point of error, appellant contends that the trial court erred in holding that Article 2372h–12 does not modify appellant's status as an "at will" employee. In his second point of error, appellant argues that the trial court erred in holding that once terminated, appellant was no longer an employee entitled to present his grievance to the grievance committee. In his third point of error, appellant asserts that the trial court erred in holding that appellant was not entitled to back pay and reinstatement despite the failure of Constable Moore to participate in the grievance process. In his final point of error, appellant submits that the trial court erred in holding that Article 2372h–12 and the corresponding Harris County grievance procedures grant appellant no due process rights in his employment.

The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985):

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d at 548–549; *Montgomery v. Kentucky*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex. 1975).

Appellant, Bernard Renken, a former deputy constable, was dismissed by Constable Dick Moore. Appellant sought reinstatement through the Harris County grievance board, the Commissioners Court, and then through the 164th District Court. It was appellant's principal contention that he was a contractual employee who could only be discharged upon a showing of "Good cause". Appellees' contention is that appellant was an at will employee who could be discharged for any reason. Appellant's argument that he may be discharged only upon a showing of good cause is based upon the legislature's 1987 amendments to Article 2372h–12 providing that county commissioners courts were to set up grievance resolutions committees to hear the complaints of county employees. Harris County has such a committee and appellant filed a grievance with the committee shortly after he was discharged. Appellant submits that the existence of this committee changes his employment from "at will" to "for cause." When the grievance committee refused to order appellant reinstated, as did the County Commissioners Court, appellant filed suit in district court. It is from the district court's judgment in favor of appellees that he now appeals.

In his first point of error, appellant contends that the trial court erred in holding that Article 2372h–12 does not modify appellant's status as an "at-will" employee. Appellant instead contends that the enactment of Article 2372h–12 and the adoption of Harris County Personnel Regulations (Manual), specifically those relating to grievance procedure, have vested appellant with a property interest in his employment. He argues that those regulations contractually limited appellees' ability to discharge at will.

■ Article 2372h–12 requires county commissioners courts in populous counties to establish avenues to review employees' grievances. It creates no contractual right concerning termination or discharge. It merely provides for standardized procedures in handling grievances. Employees have an opportunity to bring to the attention of management complaints or griev-

ances, and to settle any grievance as quickly as possible and at as low an administrative level as possible to assure efficient work operation.

Generally, an employee hired for an unspecified period, such as appellant, is an "at-will" employee. Texas law provides "sheriffs, and other elected county officials, virtually unbridled authority in hiring and firing their employees." *Irby v. Sullivan*, 737 F.2d 1418, 1421 (5th Cir.1984). "Deputy sheriffs have no legal entitlement to their jobs as public employees; the sheriff may fire them for many reasons or for no articulate reason at all." *Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir.1981), cert. denied 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982).

■ In the instant case, it is clear that the Harris County grievance policy could not and did not endow appellant with a property interest. The written policy simply describes a process by which an employee may present complaints through various levels of the administration and to the Commission, itself. It does not set up a discharge process that will be used in addressing the termination of employees. Rather, it furnishes a means for employees to voice their complaints to Harris County. The policy says nothing about either discharge or nonrenewal of any employee. As *Bowen v. Calallen Indep. School Dist.*, 603 S.W.2d 229 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) said concerning a similar policy, "it provides procedures for solving complaints, and nothing more." More importantly, nothing in the Harris County grievance policy purports to limit the authority of elected officials like Constable Moore to discharge any employee.

In *Wells v. Hico Independent School District*, 736 F.2d 243, 251–55 (5th Cir. 1984), cert. dismissed, 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985) the 5th circuit indicated that any modification of the general "at-will" rule must be clear and explicit. An employee manual that did not explicitly purport to provide exclusive means of firing was held not to limit the "at-will" rule but only to provide "general guidelines" in *Reynolds Manufacturing Co. v. Mendoza*, 644 S.W.2d 536, 539 (Tex. Civ.App.—Corpus Christi 1982, no writ).

■ When, as here, rules and procedures are set forth, the court must carefully determine whether the employer is granting a right to continued employment or is defining procedures that are to be complied with when discharging an employee. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The 5th circuit has further held that merely having grievance procedures does not create a property interest. *Wells v. Hico Independent School District*, 736 F.2d 243, 251–55 (5th Cir. 1984), cert. dismissed, 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985). The State may "require procedures for reasons other than protection against deprivation of substantive rights, but in making that choice does not create an independent substantive right...." The categories of substance and procedure are distinct. *Henderson v. Sotelo*, 761 F.2d 1093 (5th Cir.1985). Thus, even if appellant had certain procedural rights, such as a right to a hearing, appellant might still be an "at-will" employee. We find that the Harris County personnel manual does not purport to provide exclusive means of firing. Thus, appellant was an at-will employee with no expectation of continued employment. Appellant's first point of error is overruled.

As we have decided that Article 2372h–12, does not change appellant's employment status, we need not decide appellant's second point of error, namely, that the trial court erred in holding that once terminated, appellant was no longer an employee entitled to present his grievance to the grievance board.

■ In his third point of error, appellant asserts that the trial court erred in holding that he was not entitled to back pay and reinstatement despite the failure of Constable Moore to participate in the grievance process. Appellant contends that the Commissioners Court should have sustained appellant's grievance with an award of reinstatement, Constable Moore having defaulted by refusing to participate. Regardless of any default by Constable Moore, neither Harris County nor its griev-

ance committee has the authority to hire, discharge or reinstate appellant. In *State of Texas, Harris County and Janie Reyes v. Ray Hardy*, 769 S.W.2d 353 (Tex.App.—Houston [1st Dist.] 1989) (a wrongful discharge suit brought against the District Clerk of Harris County based upon Art. 2372h–12) the Court stated that it found no language in Article 2372h–12 ".... that takes from the district clerk, and gives to the Commissioners Court, the clerk's power to appoint, discharge, and supervise his deputies...." In the case before us, appellant was appointed to his position as a deputy constable by Constable Moore under a contract at will. Thus, as a matter of law, Harris County has no legal duty or authority to appoint or terminate deputy constables. Appointment of deputy constables is within the exclusive control of the Constable. *See* TEX.CIV.STAT.ANN. art. 3902, 6879 (Vernon 1960), now, TEX.LOC. GOV'T CODE ANN. 86.001 et seq., 151.001 et seq. (Vernon 1988). The Constable is an elected officer who occupies an office of constitutional stature. TEX. CONST. art. V, § 23 (as amended). It is the law in Texas that an elected officer occupies a sphere of authority, which is delegated to him by the Constitution and laws, within which another officer may not interfere or usurp. *Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333 (1961). The Commissioners Court is the governing body of Harris County and exercises only those powers which are expressly conferred by the Constitution or statutes of the State of Texas or those necessarily implied from those expressly conferred. TEX.REV.CIV. STAT.ANN. art. 2351 (Vernon 1971 & Supp. 1989), *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451 (1948). The Commissioners Court does exercise budgetary powers over the positions in the Constable's office. However, it has no authority by virtue of that budgetary power, to appoint or terminate a deputy constable. *See Renfro v. Shropshire*, 566 S.W.2d 688 (Tex.Civ.App. —Eastland 1978, writ ref'd n.r.e.).

The Commissioners Court could not, through the establishment of the Harris County Grievance Procedure, assume any legal duty for the appointment or discharge of deputies constable in Constable Moore's Precinct No. 4. Thus, Commissioners Court/Grievance Procedure can not require Constable Moore to reinstate appellant or give him back pay. Appellant's third point of error is overruled.

▇▇▇ In his final point of error, appellant states that the trial court erred in holding that Article 2372h–12 and the corresponding Harris County Grievance procedures grants appellant no due process rights in his employment. The dispositive question under this point of error is whether appellant had a property or liberty interest in his employment sufficient to invoke the due process clause of the Fourteenth Amendment. It is noted that appellant neither raised a liberty interest claim nor moved for summary judgment based upon deprivation of a liberty interest at trial. Therefore, such a claim has been waived. Absent an infringement on his liberty, an employee is not entitled to procedural or substantive due process when his state employment is terminated unless he has a property interest in continued employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). We have already determined that appellant is an "at-will" employee who has no property interest in his employment. Appellant's fourth point of error is overruled.

We find that there is no genuine issue of material fact as to appellees' summary judgment motion. We conclude that the trial court's granting of summary judgment in favor of appellees and its denial of appellant's motion for summary judgment were proper.

Accordingly, the judgment of the trial court is affirmed.