**TARRANT COUNTY, Texas, Appellant,**

v.

**Richard S. BIVINS, Appellee.**

No. 2–96–054–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 5, 1996.

Rehearing Overruled Jan. 16, 1997.

Tim Curry, Criminal District Attorney, Dana M. Womack, Assistant, Fort Worth, for Appellant.

Jim Minter, Fort Worth, Law Offices of Lane & Lane, Jim Lane, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

CAYCE, Chief Justice.

This is an interlocutory appeal from a partial denial of a motion for summary judgment based upon an assertion of immunity by appellant Tarrant County, Texas in a wrongful discharge action instituted by appellee Richard S. Bivins, a terminated deputy sheriff of the Tarrant County Sheriff's Department. The question presented in this appeal is whether the County is immune from liability for Sheriff David Williams's alleged violations of the Texas Whistleblower Act.[1] Because we find that the whistleblower statute expressly waives the immunity of the County, we affirm the trial court's judgment.

### Background Facts

Bivins filed suit against the County and Sheriff Williams asserting wrongful discharge under the whistleblower statute, breach of contract, deprivation of due process, libel, slander, and intentional infliction of emotional distress. In response to Bivins's suit, both the County and Sheriff Williams entered a general denial and pled affirmative defenses of immunity.

The County and Sheriff Williams filed their motion for summary judgment alleging, among other defenses, the defense of qualified or official[2] immunity as to all causes of action. By order signed January 24, 1996, the motion was granted in its entirety as to Sheriff Williams and on all causes of action alleged against the County "SAVE AND EXCEPT any cause of action alleged pursuant to the Texas Whistleblower Act." The County filed its notice of appeal from that order pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1997).[3] No appeal was taken by Bivins from that part of the order dismissing the causes of action against Sheriff Williams.

In its sole point of error, the County contends that the trial court erred in denying the County's motion for summary judgment because the County is immune from liability on Bivins's whistleblower claims.

### Standard of Review

The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Supreme Court of Texas in *Nixon v. Mr. Property Mgt.*, 690 S.W.2d 546 (Tex.1985):

1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

---

1.  Act approved June 19, 1983, 68th Leg., R.S., ch. 832, §§ 1–6, 1983 Tex.Gen.Laws 4751, 4751–53, *repealed by* Act approved May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex.Gen.Laws 583, 609–11, *amended by* Act approved June 15, 1995, 74th Leg., R.S., ch. 721, §§ 1–10, 1995 Tex.Gen. Laws 3812, 3812–14 (current version at Tex.Gov't Code Ann. §§ 554.001–.010 (Vernon 1994 & Supp.1997)) [hereinafter Texas Whistleblower Act].

2.  Official immunity is known by several names. As pointed out by Justice Cornyn:

    The terms "qualified" and "official" appear to be used indiscriminately and interchangeably by some courts.... [T]he elements of official immunity and qualified immunity appear for all practical purposes to be the same. In fact, as further indication of the confusion over the proper designation of this type of immunity, official immunity has been called a number of different names by a number of

different courts: *See e.g. Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied) (immunity variously known as governmental, official, quasi-judicial or qualified); *Stimpson v. Plano Indep. School Dist.*, 743 S.W.2d 944, 947–48 (Tex.App.—Dallas 1987, writ denied) (good faith immunity); *Baker v. Story*, 621 S.W.2d 639, 644 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.) (quasi-judicial immunity).

    *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 n. 2 (Tex.1992) (op. on reh'g) (Cornyn, J., concurring).

3.  "A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state...." Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5).

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

### Waiver of Immunity under the Whistleblower Act

The Whistleblower Act prohibits a local government from terminating a public employee who, in good faith, reports a violation of the law. *See* Texas Whistleblower Act, *supra* note 1, § 554.002. A public employee whose employment is suspended or terminated or who is discriminated against in violation of the Act is entitled to sue for injunctive relief, actual damages, court costs, and reasonable attorney's fees. *Id.* § 554.003. In addition, an employee whose employment is suspended or terminated in violation of the Act is entitled to reinstatement in his or her former position and to any fringe benefits or seniority rights lost because of the suspension or termination. *Id.* The suspended or terminated public employee may also receive compensation for lost wages. *Id.*

██ The Act as a whole evidences two legislative purposes: (1) to protect public employees from retaliation by their employer when, in good faith, employees report a violation of law, and (2) in consequence, to secure lawful conduct on the part of those who direct and conduct the affairs of public bodies. *Travis County v. Colunga,* 753 S.W.2d 716, 718–19 (Tex.App.—Austin 1988, writ denied). *But cf. Texas Dep't of Criminal Justice v. Terrell,* 925 S.W.2d 44, 57–58 (Tex. App.—Tyler 1995, no writ) (rejecting the second legislative purpose set forth in *Colunga* as too broad). In effecting these two goals, the Act clearly and unambiguously waives the immunity of state and local governmental entities from suits seeking redress for retaliation against public employees who, in good faith, report a violation of the law. *Texas Dep't of Human Servs. v. Green,* 855 S.W.2d 136, 143 (Tex.App.—Austin 1993, writ denied) (op. on reh'g); *see also Knowlton v. Greenwood Indep. Sch. Dist.,* 957 F.2d 1172, 1182 (5th Cir.1992) (governmental immunity does not bar recovery of punitive damages against school district: "The plain language of the Act torpedoes this claim...."); *Texas Educ. Agency v. Leeper,* 893 S.W.2d 432, 449 (Tex.1995) (Gonzalez, J., dissenting on motion for reh'g) ("Whistleblower Act expressly provides for waiver of immunity and for recovery of attorneys' fees.").[4] In view of this express legislative intent, we hold that the County is not immune from suit and liability under the Act as a matter of law.

The County contends that it cannot be liable for the acts of Sheriff Williams because he is an independently elected official whose actions the governing body of the County is prohibited from interfering with or controlling. The crux of the County's argument is that the governmental body of a county is the commissioners court, and, therefore, since Bivins was employed by an independently elected sheriff, the County is not responsible for Bivins's termination in violation of the Whistleblower Act. The County further argues that it should not be held vicariously liable under a theory of respondeat superior for the acts of Sheriff Williams.

Under the Whistleblower Act in effect when Bivins filed suit, a public employee is one "who, for compensation, performs services for a state or local governmental body under a written or oral contract." *See* Texas Whistleblower Act, *supra* note 1, § 554.001(3) (Vernon 1994). The Act specifies that "local government" includes a "county," but does not define what offices constitute a county. *Id.* § 554.001(2)(A).

In *Wichita County v. Hart,* 892 S.W.2d 912 (Tex.App.—Austin 1994), *rev'd on other grounds,* 917 S.W.2d 779 (Tex.1996), the Austin Court of Appeals held that the sheriff is a part of the county's government when he is

---

4. This intent is affirmed by the express waiver of immunity added by the 1995 amendatory act in section 554.0035:

(a) A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

Tex.Gov't Code Ann. § 554.0035 (Vernon Supp. 1997). The amendatory act became effective June 15, 1995. Bivins's suit was filed in December of 1993.

acting in his official capacity, and consequently the county is liable for his misdeeds. *Hart,* 892 S.W.2d at 929. In support of its holding, the Austin Court of Appeals looked to the Texas Local Government Code and determined that the organization of the statute shows "that a sheriff was intended to be included as an integral part of county government." *Id.* at 928–29; *see* TEX.LOC.GOV'T CODE ANN. §§ 81.001–.043, 85.001–.023 (Vernon 1988 & Supp.1994); *cf. County of Brazoria v. Radtke,* 566 S.W.2d 326, 328–29 (Tex. Civ.App.—Beaumont 1978, writ ref'd n.r.e.) (holding that sheriff was not a unit of government separate from the county in a claim brought under the Texas Tort Claims Act).

We agree with the court of appeals in *Hart* that the legislature did not intend the word "county" to be construed to cover only county employees who are employed by the commissioners court. Following the rationale of *Hart,* we conclude that the County as a whole constitutes the governmental entity and hold that Sheriff Williams is a part of the County's government when he is acting in his official capacity.[5] Consequently, the County is liable for the sheriff's conduct under the Whistleblower Act. *Cf. Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980) (county may be held responsible for actions of elected county officials, such as sheriff, treasurer, or county judge, when those officials act in areas where they, alone, are "the final authority or ultimate repository of county power").

The County's point of error is overruled and the judgment of the trial court is affirmed.

---

5. The County's reliance on *Renken v. Harris County,* 808 S.W.2d 222 (Tex.App.—Houston [14th Dist.] 1991, no writ) is misplaced. In *Renken,* a terminated deputy constable brought a wrongful discharge and whistleblower action against the constable and the County. In reviewing the trial court's judgment for the constable and County, the court of appeals found that, as a matter of law, Harris County has no legal duty or authority to appoint or terminate deputy constables. *Id.* at 226. *Renken,* however, did not address the issue presented here regarding whether an elected county official can be considered a part of the county government for purposes of the Whistleblower Act.