Affirmed and Memorandum Opinion filed June 24, 2004









Affirmed and Memorandum Opinion filed June 24, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01134-CV

____________

 

DWIGHT GILLIS, Appellant

 

V.

 

PERRY WOOTEN AND HARRIS COUNTY, Appellees

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 01-33499

 



 

M E M O R A N D U M   O P I N I O N

Dwight Gillis (AGillis@) appeals from the
grant of summary judgment in favor of appellees, Harris County and Perry Wooten
(AConstable@).  Gillis, a former Harris County deputy
constable, sued Harris County and Perry Wooten, the Constable for Harris County
Precinct 7, after he was terminated.[1]  Harris County responded on behalf of the
county and Perry Wooten, in his official capacity.  We affirm. 









Gillis asserts two points of error on
appeal.  First, he asserts that the trial
court erred in granting the Constable=s motion for
summary judgment because Precinct 7=s Departmental
Manual (Amanual@) created an employment
contract affording him a constitutionally protected right to continued
employment.   In his second point of
error, Gillis complains that the court erred in granting a final summary
judgment.  Should we find that Gillis was
not an at-will employee, Gillis asserts that a fact question would exist as
whether he was afforded Adue course of law@ when he was
terminated.  He also complains that a
summary judgment could not be granted on his reinstatement claim as the
Constable failed to address the claim in his motion.  

Gillis received written notice on January 12, 2001 that a
complaint had been filed against him. 
Gillis was advised of the upcoming investigation by Chief Deputy Joseph
Williams in the following letter:

You are hereby informed that a
complaint has been filed against you by a constituent within Harris
County.  The specifics of these
allegations will not be detailed in this letter.  This investigation involves a(n)
individual(s) at the following address:

Popeye=s Chicken

8519 West Belfort

Houston, Harris County, Texas

Until you are notified in writing
of the closure and or final outcome of this investigation, you are not to
correspond with the individuals at the above referenced address.  This includes any contact by phone, in
writing, in person and any other means available.  Failure to comply with this directive can
result in immediate disciplinary action. 


Thank you for your
cooperation.  If you would like to
discuss this matter further, please feel free to contact me at your
convenience.

Gillis acknowledged receipt of this letter by signing
and dating it.   

Following an investigation, Gillis was terminated.  The basis for his termination was explained
in a letter from Chief Deputy Williams. 
The letter provides:








Your conduct has placed you in
violation of the Harris County Precinct #7 Constable=s Departmental office policy.  An internal investigation has revealed the
following points.  On two separate
occasions, you entered into the Popeye=s restaurant at 8519 West Belfort, Houston, Harris County,
Texas and created a disturbance which was unbecoming a Peace Officer;

1.) The first reported event took
place during the Thanksgiving Holidays where you demand [sic] a Afree turkey@ and were refused;

2.) On another occasion, you
created a disturbance when you demanded Afree food@ and were refused, yet you decided to accept an offer for a
discount after a confrontation with the counter personnel and management of the
establishment; and

3.) It has been found that you have
exhibited actions that have been construed as Asexually harassing@ at this same place of business
both in person and by telephone.

An employee who in the performance
of official duties displays reluctance to properly perform assigned duties, or
who acts in a manner tending to bring discredit upon him/herself or the
Department, or who fails to assume responsibility of to exercise diligence,
proper demeanor, intelligence, and interest in the discharge of duties, may be
deemed negligent or incompetent and shall be subject to disciplinary action,
including suspension, demotion, or termination. 


Employees shall conduct themselves
in a manner to ensure optimal cooperation with each other and with other
Bureaus of the Department, as well as with employees of other County, City,
State, Federal government agencies, and the public. 

Employees shall strictly obey and
properly execute any lawful order emanating from any ranking supervisor or
competent authority.  The term Alawful order@ shall mean any order issued in
connection with the performance of any duty prescribed by law, by policy or
rule of the Department, or for the preservation of order, efficiency and proper
discipline.  

This letter is to serve as your
notification of termination of employment effective January 19, 2001 upon
receipt of this letter.  

Gillis acknowledged receipt of this letter on January
19, 2001 by signing it. 








Gillis filed suit alleging that his
termination violated those rights guaranteed by Precinct 7=s Departmental
Manual (Amanual@) and Article I,
Section 19 of the Texas Constitution. 
Additionally, Gillis alleged that he had entered into an unilateral
contract with the Constable and that his termination was in breach of that
contract.  Gillis alleges that the manual
created both substantive rights and an unilateral contract.  In addition to reinstatement, Gillis sought back
pay, removal of the termination from his employment file, damages for pain,
suffering, and mental anguish, and pre and post judgment interest.   

Constable Wooten filed a motion for
summary judgment as Gillis=s claims were
barred as a matter of law by both sovereign immunity and the at-will employment
doctrine.  Without a contract or other
constitutional violation, the Constable also argued that Gillis was not
entitled to reinstatement or other equitable relief.  Summary judgment was granted to Perry Wooten,
in his individual capacity, and to Harris County.  The trial court=s order did not
specify the particular ground for its decision.   

A traditional motion for summary judgment
is properly granted only when the movant establishes that there are no genuine
issues of material fact to be decided and that he is entitled to judgment as a
matter of law.  See Tex. R. Civ. P. 166a(c);   Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex.1991); Holmstrom v. Lee, 26 S.W.3d 526, 530
(Tex.App.C Austin 2000, no pet.).  In reviewing a motion for summary judgment,
we accept as true all evidence favoring the nonmovant, indulging every
reasonable inference and resolving all doubts in the nonmovant=s favor.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985).  A defendant seeking summary
judgment must negate as a matter of law at least one element of each of the
plaintiff's theories of recovery or plead and prove as a matter of law each
element of an affirmative defense.  See
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.1995).  If the defendant establishes a right to
summary judgment, the burden shifts to the plaintiff to present evidence
raising a fact issue.  See id.  Because the trial court=s order did state
the specific grounds for its ruling, we will affirm if any of the theories
advanced in the Constable=s motion for summary judgment are
meritorious.   See Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989). 








There is a presumption of at-will
employment in Texas.  Smith v. SCI
Mgmt. Corp., 29 S.W.3d 264, 267-68 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Generally, deputy constables are considered
at-will employees as they are hired for an unspecified period and are subject
to the Avirtually
unbridled authority@ held by the constable with regard to
hiring and firing.  Renken v. Harris
County, 808 S.W.2d 222, 225 (Tex. App.CHouston [14th Dist.] 1991, no writ).  With no expectation of future employment, the
at-will employee holds no constitutionally protected property interest.  Montgomery County Hosp. Dist. v. Brown,
965 S.W.2d 501, 504 (Tex. 1998); Renken, 808 S.W.2d at 226.

An employee may rebut this presumption by
proving the existence of an employment contract in which the employer has Aunequivocally
indicate[d] a definite intent to be bound not to terminate the employee except
under clearly specified circumstances.@  Brown, 965 S.W.2d at 503; Smith,
29 S.W.3d at 267-68.  Gillis argues that
an employment contract, altering the at-will employment relationship, was
formed through language found in the manual. 
In order to overcome the presumption of at-will employment, an employee
manual must Aspecifically and expressly@ limit Athe employer=s right to
terminate the employee.  McAlister v.
Medina Elec. Coop., Inc., 830 S.W.2d 659, 665 (Tex. App.CSan Antonio 1992, no writ); see
also Trostle v. Combs, 104 S.W.3d 206, 211 (Tex. App.CAustin 2003, no pet.).  Specifically, it is not enough that the
manual contains a list of censurable conduct, the manual=s language must
indicate that this list provides the exclusive grounds for termination.  McAlister, 830 S.W.2d at 664. 








We find that the manual does not alter the at-will
employment relationship.  The manual does
not contain language to indicate that it is providing the exclusive means for
termination.  First, employees are Asubject to
reprimand, suspension, reduction in rank, or dismissal from the Department and
from service . . . for violation of the rules and regulations and the code
sections appearing in this manual, or for any of the other rules,
regulations, or general or special orders of the Office of the Constable, Pct.
7.@(emphasis
added).  Second, the manual contains an
enumerated list of censurable conduct; however, the paragraph preceding the
list does not indicate that this is an exclusive list.  It merely provides that the Afollowing reasons
shall be deemed sufficient@ for disciplinary
action.  Finally, it appears that the
manual was not designed to embrace every possible employment scenario.  Specifically, it provides:

No arbitrary rules of conduct can
be established which will embrace all cases arising in the general discharge of
law enforcement duties or in the personal activities of the individual
employees.  Therefore, any other act
or omission contrary to good order and discipline shall also be the subject
of disciplinary action.  

(emphasis added). 
We do not believe this language provides a meaningful limitation on
those instances where employees may be terminated.  

In addition to his claim that a contract
was formed through the manual, Gillis alleges that his termination was in
violation of those substantive rights afforded by the manual.  Specifically, he challenges the adequacy of
the pre and post termination hearings. 
Gillis directs us to sections in the manual describing a procedure for
appealing disciplinary action.  However,
a written policy describing formal grievance procedures does not necessarily
result in the creation of independent substantive rights.  Renken, 808 S.W.2d at 225.  The reviewing court must discern Awhether the
employer is granting a right to continued employment or is defining procedures
that are to be complied with when discharging an employee.@  Id. 
It must be apparent from the policy=s language that it
is the exclusive means for terminating an employee.  Id. 
Language in a manual granting a procedural right to a hearing does
not automatically mean that an employee is no longer considered at-will.  Id. 
Through our own review of the manual, we were unable to find language in
the manual establishing an exclusive means for termination.  








Accordingly, we find the summary judgment
evidence conclusively establishes that Gillis was an at-will employee.  Therefore, he has no property interest in his
position as a deputy constable.  Without
a property interest, Gillis=s claims related
to his termination fail.  See Brown,
965 S.W.2d at 504 (explaining that an employee=s constitutional
claims will fail in the absence of a contract altering the at-will employment
relationship); Renken, 808 S.W.2d at 226 (providing that an at-will
employee is not entitled to procedural or substantive due process when his
state employment is terminated).  Gillis=s first issue is
overruled.

Gillis alleged in his final complaint that
the trial court was unable to enter a final summary judgment order in favor of
the Constable.  Describing reinstatement
as an Aelement@ of his cause of
action, Gillis complains that summary judgment was improper because the
Constable failed to address the right to reinstatement. Gillis incorrectly
relies on City of Midland v. O=Bryant, 18 S.W.3d 209, 218 (Tex.
2000).  Unlike in O=Bryant, where Athe motion
asserted only that damages could not be recovered for violations of the Texas
Constitution,@ the Constable=s motion for
summary judgment addressed the merits of Gillis=s wrongful
termination claim and contained multiple legal theories as to why Gillis=s claims
fail.  Because Gillis had no right to his
job, the Constable argued that he was not entitled to relief.  In light of our finding that Gillis was an
at-will employee, we agree that he is not entitled to a remedy.  Gillis=s second issue is
overruled.   

Accordingly, we affirm the trial court=s order granting
summary judgment.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 24, 2004.

Panel
consists of Justices Anderson, Hudson, and Draughn.*











[1]  Wooten has
since been removed as Constable of Precinct 7 following an unrelated criminal
conviction.  





*  Former Justice
Joe L. Draughn sitting by assignment.