ACCEPTED
01-14-00323-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/2/2015 4:16:11 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00323-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/2/2015 4:16:11 PM
CHRISTOPHER A. PRINE
Clerk

MARC STAFF

Appellant,

v.

COLORADO COUNTY, TEXAS, SHERIFF R. H. "CURLY" WIED,
in his official & individual capacity,

Appellee.

On appeal from Cause No. 23,211
2nd, 25th Judicial District Court, Colorado County, Texas
The Honorable William C. Kirkendall

# APPELLEE'S MOTION FOR REHEARING AND EN BANC RECONSIDERATION

J. Eric Magee
ALLISON, BASS & MAGEE, LLP
A.O. Watson House
402 West 12th Street
Austin, Texas  78701
(512) 482-0701 Phone
(512) 480-0902 Fax

ATTORNEYS FOR APPELLEE

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Appellee Colorado County Sheriff R. H. "Curly" Wied (hereinafter "Sheriff Wied"), in his official capacity, files this Motion for Rehearing and En Banc Reconsideration pursuant to Texas Rules of Appellate Procedure 49. In support thereof, Appellants would show the court as follows:

## INTRODUCTION

On August 18, 2015, a three-Justice panel of this Court consisting of the Honorable Justices Evelyn V. Keyes, Rebeca A. Huddle, and Russell Lloyd issued an Opinion reversing the judgment of the trial court and rendering judgment in favor of Staff declaring that Sheriff Wied violated Government Code sections 614.022 and 614.023. Further, the panel remanded the case for the trial court to determine whether to award Appellant Marc Staff (hereinafter "Staff") attorney's fees.

The three-Justice panel erred in issuing this decision, in that sections 614.022 and 614.023 of the Government Code were erroneously applied to Staff's at-will employment and subsequent termination. Further, the three-Justice panel erred in issuing this Opinion that Sheriff Wied failed to comply with sections 614.022 and 614.023 of the Government Code, if required. These errors should be set for rehearing by the three-Justice panel. Alternatively, Sheriff Wied requests that the errors be reviewed and reversed by the full Court of Appeals. Therefore,

Sheriff Wied timely files this motion for rehearing and *en banc* reconsideration; and further, respectfully requests that a majority of this Court *en banc* grant this motion for reconsideration and that the case be submitted to the Court for *en banc* review and disposition.

## ISSUES PRESENTED FOR REVIEW

Issue 1:     The Court's three-Justice panel erroneously interpreted and misapplied the facts and misconstrued the applicability of sections 614.022 and 614.023 of the Government Code to at-will employment in Texas.

Issue 2:     The Court's three-Justice panel erroneously held that Sheriff Wied failed to comply with sections 614.022 and 614.023 of the Government Code, if required.

## ARGUMENT AND AUTHORITIES[1]

**1.     The Court's three-Justice panel erroneously interpreted and misapplied the facts and misconstrued the applicability of sections 614.022 and 614.023 of the Government Code to at-will employment in Texas.**

The three-Justice panel concluded that a county as "an at-will employer does not preclude application of sections 614.022 and 614.023 where a county employee has been terminated because a complaint has been made against him or following an investigation, as opposed to being terminated "at will" for no cause." *See* Opinion pg. 14. Specifically, the three-Justice panel, relying on *Treadway v. Holder*, states that in that case a similar argument was made that Chapter 614,

---

[1] This Motion is supported by the record below which consists of the original Clerk's Record, consisting of volumes one (1), reference to which is by "CR ___" and the original Reporter's Record, consisting of volumes one (1) through three (3), reference to which is by "RR ___".

Subchapter B did not apply because Comal County is at-will employer and peace officers are at-will employees. 309 S.W.3d 780, 783 (Tex. App.—Austin 2010, pet. denied). The three-Justice panel notes that the holding provided that "[w]e need not address any effect Subchapter B might have on at-will employment because it is undisputed that Treadway was terminated for cause. The issue, then, is not whether she could have been terminated without cause, but whether the cause for which she *was* terminated—lying to a supervisor and falsifying training documents—resulted from a 'complaint' that triggers the requirements of Subchapter B." *See* Opinion pg. 14.

This case is not similar to the facts in *Treadway v. Holder*, nor are the arguments similar concerning the applicability sections 614.022 and 614.023 of the Government Code to at-will employment in Texas. In *Treadway*, the Court determined that it was "undisputed that Treadway was terminated for cause." Here, the Performance Deficiency Notice stated that Staff had previously signed an acknowledgement indicating that:

> [~~you~~ he] received a copy of the Colorado County Personnel Manual and [~~your~~ his] understanding that it was [~~your~~ his] responsibility to read the manual and abide by the provisions in said manual. As specified in the Colorado County Personnel Manual on page 4, Colorado County is an At-Will employer. The following specified grounds for termination are not inclusive since the **Colorado County Sheriff's Office maintains the right to terminate employment for any legal reason or no reason at all**. The following is **merely written documentation of recent deficiencies in your performance**

and is not a complete record, nor should it be considered an exhaustive list of the reasons for your termination.

(CR 84) (emphasis added). Lt. Neisner recommended that Staff be immediately terminated and notified Staff that if he wished to appeal the decision, he "must do so in writing within 30 days to the Sheriff. The Sheriff will make a decision on whether or not to uphold the ~~above~~ decision. **The Sheriff's decision will be final**." (CR86) (emphasis added).

As the three-Justice panel noted, Government Code sections 614.022 and 614.023 apply "when a complaint of misconduct forms the basis of the decision to terminate employment." *See* Opinion pg. 13. In this matter, there is no such complaint that forms the basis of the decision to terminate Staff; instead, several examples of performance deficiencies were merely noted by Lt. Neisner. (CR 84–86). Lt. Neisner clearly stated that such deficiencies were not the only reasons for Staff's termination and that the County could terminate Staff's employment at-will for no reason at all. *Id.*

The three-Justice panel's Opinion implies that a complaint existed against Staff and was the sole cause leading to his termination, similar to the facts in *Treadway*, where the employee was "terminated—lying to a supervisor and falsifying training documents—resulted from a 'complaint' that triggers the requirements" of sections 614.022 and 614.023. *See* Opinion pg. 14. This case is distinct and clearly different from the circumstances described in *Treadway*. In

- 5 -

part, the Performance Deficiency Notice demonstrates that the prosecutorial integrity of a criminal case referred to that prosecuting authority, Colorado County Attorney Ken Starks, by Staff, on behalf of the Colorado County Sheriff Office, was reviewed and submitted back to Sheriff Wied. (CR84–85) Specifically, the criminal case referred for prosecution dealt with an arrest made by Staff. *Id*. The record on appeal clearly demonstrates that "on 4-26-2010, Sheriff Wied was contacted by the Colorado Attorney, Ken Sparks, who provided him with a DVD copy of an in car video from one of your [Staff's criminal] cases (2010-0598), in which [you were Staff was] assisting Highway Patrol with a motor vehicle accident on IH-10. **Mr. Sparks had a copy of the DVD because it had been forwarded to his office by [you Staff] to assist with Prosecution after filing charges** on a suspect for Motor Vehicle Accident Interference w/ Public Duties, Assault –Public Servant, and Resisting Arrest. Sparks suggested that the Sheriff review the in car video to observe your (Sgt. Marc Staff's) actions during the investigation, and believed your [Staff's] behavior and/or conduct was inappropriate and needed to be addressed. Sparks also advised that his Assistant County Attorneys, who had also reviewed the car in the video, felt [your Staff's] conduct and/or behavior was inappropriate and concerning enough to bring it to his attention." *Id*.

This example, noted in the Performance Deficiency Notice, is clearly not a "complaint" by County Attorney Ken Sparks to Sheriff Wied concerning Staff.

Instead, this matter demonstrates the necessary and required coordination of the Texas judicial system between the prosecuting authority and the law enforcement agency to effectively prosecute criminal violations. It is essential that the prosecuting authority rely on the evidence and testimony of the law enforcement agency to accomplish the task of prosecuting these criminal violations. A Texas sheriff's office is not only an integral part of this process but actively involved in prosecuting criminal matters to a conclusion. Colorado County Attorney Ken Sparks did not file a "complaint" against Staff nor is he considered a victim of any "complaint." Mr. Sparks merely notified Sheriff Wied of evidentiary problems in the criminal matter submitted by Staff that affected the merits of that case and the integrity of the prosecution of the matter. Significantly, Sparks did not request any disciplinary action against Staff. He essentially notified the Sheriff that he would not be able to proceed with the prosecution of the criminal matter and returned the patrol video to the Sheriff's Office.

As articulated in the Performance Deficiency Notice, the Colorado County Sheriff's Office was not terminating Staff due to any particular complaint and maintained its right to terminate his employment for any legal reason or no reason at all. As stated in Sheriff Wied's Brief, a sheriff in Texas, like other elected county officials, "holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and is accountable to no one other

than the voters for his conduct therein." *Irby v. Sullivan*, 737 F.2d 1418, 1423 (5th Cir. 1984) (*citing Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). Specifically, Texas Law provides "sheriffs, and other elected county officials virtually unbridled authority in hiring and firing their employees." *Greenway v. Roccaforte*, No. 09-08-00529-CV, 2009 WL 340683, at *4 (Tex. App.—Beaumont Oct. 29, 2009) (*quoting Renken v. Harris Cnty.*, 808 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1991, no writ) and *Irby*, 737 F.2d at 1421). "Deputy sheriffs have no legal entitlement to their jobs as public employees; the sheriff may fire them for many reasons or for no articulate reason at all." *Renken*, 808 S.W.2d at 225 (*quoting Barrett v. Thomas*, 649 F.2d 1193, 1199 (5th Cir. 1981), *cert. denied* 456 U.S. 925 (1982)).

Accordingly, it was error for the three-Justice panel of this Court to conclude that Government Code sections 614.022 and 614.023 applied to the termination of Staff as an "at-will" employee, that a complaint was the basis of Staff's termination, and that Staff was terminated for cause. This error requires review and reversal by the full Court of Appeals. Therefore, Sheriff Wied respectfully requests rehearing and *en banc* consideration.

**2. The Court's three-Justice panel erroneously held that Sheriff Wied failed to comply with sections 614.022 and 614.023 of the Government Code, if required.**

As discussed above, the Texas Legislature has not changed the State's nor Colorado County's general "at-will" employment rule by adopting sections 614.022 and 614.023 of the Government Code. As demonstrated above, Sheriff Wied asserts that these provisions are not applicable to the termination of Staff; however, in the alternative, Sheriff Wied fully complied with these statutory provisions.

The three-Justice panel erroneously concluded that "under both *Guthery* and *Treadway*, the Performance Deficiency Notice Staff received did not constitute a 'complaint' pursuant to section 614.022, that Sheriff Wied failed to provide notice of the written complaint signed by the victim of the alleged misconduct, and that the Performance Deficiency Notice by which Staff's employment was terminated 'effective immediately' was a disciplinary action taken without a copy of the signed complaint having been provided to Staff"; therefore, violating both sections 614.022 and 614.023. *See* Opinion pgs. 22-23.

As shown above, the facts in the present matter are easily distinguishable from *Treadway*. In *Guthery v. Taylor*, the "Court interpreted the statute as requiring a written complaint from the person claiming to be a victim of misconduct by the police officer." 112 S.W.3d 715, 723 (Tex. App.—Houston [14th Dist.] 2003)]. The three-Justice panel noted that the disciplinary action "provided to Guthery and signed by the chief of police after investigating a citizen

complaint against Guthery, therefore did not qualify as a 'complaint' under sections 614.022 and 614.023 because it was not signed by the victim of the alleged misconduct." *See* Opinion pg. 17. However, *Guthery* is distinguishable from the present matter as it involved a complaint of ***misconduct*** by a private citizen against a police officer.

Here, the three-Justice panel erroneously determined that allegations of misconduct existed against Staff and that these allegations "originated from outside of the Colorado County Sheriff's Department, specifically, with the Colorado County Attorney, the 'victim' of Staff's misconduct." *See* Opinion 21. Further, the three-Justice panel erroneously opined that Sparks made the allegation of misconduct, but Staff was never provided with a written copy of the allegations against him signed by Sparks.

The record clearly demonstrates that Sparks is neither a complainant nor a victim of any alleged misconduct. (CR84–86) As stated above, this example of a performance deficiency by Staff (not the basis of Staff's termination) involved Staff's patrol video in a criminal case referred by him to the prosecuting authority of Colorado County. As part of the prosecutorial duties of the County Attorney and his staff, the criminal case was sent back to the originating agency for further review as part of that criminal prosecution concerning the evidence submitted by Staff, the patrol video. The three-Justice panel's conclusion that Sparks is a victim of

misconduct and/or a complainant under these statutory provisions is inconsistent with the plain meaning of these statutes. Further, such a conclusion is contrary to the very nature of the judicial system and the relationship between the law enforcement agency referring criminal matters and the prosecuting authority.

The only requirements found in these statutory provisions state that in order for a "complaint" to be considered by the head of a fire department or law enforcement agency, the complaint must be in writing and signed by the person making the complaint. Further, the Government Code states that a copy of the complaint shall be given to the employee "within a reasonable time." Additionally, an employee may not be "indefinitely suspended or terminated from employment based on the subject matter of the complaint unless it is investigated and there is evidence to prove the allegation of misconduct." TEX. GOV'T CODE ANN. § 614.023. Specifically, Texas Government Code, section 614.022 provides that "[t]o be considered by the head of a state agency or by the head of a fire department or local law enforcement agency, the complaint must be: (1) in writing; and (2) signed by the person making the complaint." TEX. GOV'T CODE ANN. § 614.022. Further, Texas Government Code, section 614.023 provides the following:

> (a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time

- 11 -

after the complaint is filed.

(b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.

(c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless:

(1) the complaint is investigated; and

(2) there is evidence to prove the allegation of misconduct.

*Id.* § 614.023.

If any victim existed under this narrow example of a performance deficiency, the victim would clearly have been the Colorado County Sheriff's Office. The Record on Appeal explicitly demonstrated that, unlike *Treadway*, the Colorado County Sheriff's Office's Performance Deficiency Notice (the internal complaint against Staff for policy violations) was signed by Lt. Troy Neisner and provided to Staff on April 28, 2010. (CR 84–86). Staff also acknowledged receipt of the Performance Deficiency Notice. *Id.* Therefore, a written signed complaint was provided to Staff as required by Texas Government Code section 614.022.

Further, the three-Justice panel erroneously states that the Performance Deficiency Notice "constitutes a disciplinary action that occurred before Staff received a signed, written complaint of the allegations against him." Section 614.023 does not include the word "before." The plain language of the statutory provision states that "[d]isciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or

- 12 -

employee."

Here, Lt. Neisner provided Staff with a copy of the Performance Deficiency Notice, the signed complaint, and ***recommended*** that Staff be immediately terminated. (CR 84–86). Further, Lt. Neisner informed Staff that if he wished to appeal the decision, he "must do so in writing within 30 days to the Sheriff. The Sheriff will make a decision on whether or not to uphold the ~~above~~ decision. ***The Sheriff's decision will be final***." *Id*. (emphasis added). Although termination was recommended by Lt. Neisner, Sheriff Wied made the final decision concerning Staff's termination. *Id.* and CR 88.

As the Record on Appeal demonstrates, Sheriff Wied fully and completely complied with all statutory requirements, including Texas Government Code, sections 614.021 – 614.023 by: (1) obtaining a signed complaint, the Performance Deficiency Notice, signed by Lt. Neisner (CR 84–86); (2) providing a copy of the Performance Deficiency Notice to Staff on April 28, 2010, within a reasonable time following the April 26, 2010, internal discussion between the County Attorney and Sheriff (CR 84–86); (3) conducting an investigation and demonstrating evidence proving the alleged misconduct (*i.e*., in-car videos of Staff) (CR 84–86); (4) providing Staff the opportunity to address the allegations and recommended termination by Lt. Neisner (CR 88); and (5) the final disciplinary action taken by Sheriff Wied on June 3, 2010, following a copy of the

Performance Deficiency Notice being provided to Staff and recommendation by Lt. Neisner for termination.  (CR 88)

It is important to note that Subchapter B of the Texas Government Code does not define or elaborate on the nature of a "complaint"; what is meant by a "reasonable time";  what type of investigation must occur;  nor what is meant by "evidence to prove the allegation of misconduct." Giving these words and phrases their common meaning, the actions of Sheriff Wied met all of the statutory requirements.

Accordingly, it was error for the three-Justice panel of this Court to conclude that Sheriff Wied failed to comply Government Code sections 614.022 and 614.023. This error requires review and reversal by the full Court of Appeals. Therefore, Sheriff Wied respectfully requests rehearing and *en banc* consideration.

## PRAYER

For the reasons set forth above, Appellee Sheriff R. H. "Curly" Wied requests rehearing by the three-Justice panel. Specifically, Sheriff Wied requests that the three-Justice panel withdraw the Opinion and affirm the trial court's order granting summary judgment in favor of him and affirm the trial court's final judgment including the award of reasonable and necessary attorneys' fees to Sheriff Wied. Further, Sheriff Wied alternatively requests that a majority of this

court *en banc* grant this motion for reconsideration, and that the case be resubmitted to the court for *en banc* review and disposition.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com

**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 *telephone*
(512) 480-0902 *facsimile*

*Attorney for Appellee*

## CERTIFICATE OF COMPLIANCE

I certify that this computer-generated Appellee's Motion for Rehearing and En Banc Reconsideration contains 3,085 words and complies with TEX. R. APP. P. 9.4.

/s/ J. Eric Magee
J. Eric Magee

## CERTIFICATE OF SERVICE

I certify that Appellee's Motion for Rehearing and En Banc Reconsideration was served via certified mail, return receipt requested, facsimile, and/or electronically on this the 2nd day of September, 2015:

Daniel A. Krieger
Cagle & McCumber
215 E. Galveston
League City, Texas 77573

*Attorney for Plaintiff*

/s/ J. Eric Magee
J. Eric Magee